UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY JEROME BROWN-PEGUES,

        Petitioner,        Case No. 2:23-cv-13117
                                           Hon. Paul D. Borman

v.

GARY MINIARD,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

I

Petitioner Jerry Jerome Brown-Pegues filed this habeas corpus action under 28 U.S.C. § 2254. Petitioner is serving a ten-to-fifteen-year sentence for his Macomb Circuit Court jury trial conviction of third-degree criminal sexual conduct. Petitioner asserts that the trial court lacked jurisdiction and was biased against him. (ECF No. 1-1, PageID.25–29.) The case is summarily dismissed because Petitioner has not exhausted his state court remedies.

II

Petitioner was sentenced on July 12, 2023. Petitioner thereafter filed a claim of appeal, and his appointed appellate counsel very recently filed Petitioner's

appellate brief on December 8, 2023. *See People v. Brown-Pegues*, Michigan Court of Appeals No. 366983, Dkt. No. 12.[1]

Michigan court records also show that Petitioner filed a pro se interlocutory appeal in the Michigan Court of Appeals during his jury trial. *See People v. Brown-Pegues*, Michigan Court of Appeals No. 364564.[2] That appeal was dismissed by order dated February 14, 2023, after Petitioner failed to correct a filing deficiency. *Id.*, Dkt. No. 12. The Michigan Supreme Court thereafter denied Petitioner's pro se application for leave to appeal. *Id.* Dkt. No. 26.

### III

After a petition for writ of habeas corpus is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994).

A petitioner must exhaust remedies available in the state courts before filing his federal habeas petition. 28 U.S.C. § 2254(b)(1). A petitioner has not exhausted state remedies if he has the right under state law to raise, by any available procedure,

---

[1] https://www.courts.michigan.gov/c/courts/coa/case/366983
[2] https://www.courts.michigan.gov/c/courts/coa/case/364564

the question presented. 28 U.S.C. § 2254(c). To fulfill the exhaustion requirement, a petitioner must fairly present his federal claims in one complete round of the state's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999); *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

The habeas petitioner bears the burden of establishing exhaustion of state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The district court can raise exhaustion of state court remedies on its own. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

Here, Petitioner has not exhausted his state court remedies because Petitioner's direct appeal is still pending in the Michigan Court of Appeals. The fact that Petitioner may have attempted to raise his habeas claims in an interlocutory appeal does not render his claims properly exhausted. That proceeding was dismissed for Petitioner's failure to correct a filing deficiency, and the established appellate review process in Michigan requires that claims challenging the validity of a conviction be raised on direct review following conviction. *See O'Sullivan*, 526 U.S. at 845; *People v. Johnson*, 427 Mich. 98, 127 (1986) (Levin dissenting) ("Interlocutory appeals are infrequently granted defendants in criminal cases, and, thus, if there is to be any review of the circuit judge's decision, it can occur only, in the ordinary case, after trial and conviction.").

Because Petitioner's state court remedies have not been exhausted, his petition will be dismissed without prejudice.[3]

### III.

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Court's disposition of the case is not reasonably debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

s/Paul D. Borman
Paul D. Borman
United States District Court

Dated: December 15, 2023

---

[3] There is no basis for holding the case in abeyance instead of dismissing it under *Rhines v. Weber*, 544 U.S. 269, 277 (2007), because the statute of limitations will not begin to run until after Petitioner's conviction becomes final on direct review.